IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TIMOTHY WILLIAM JELKS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 3:14-cv-00597 |
| JERRY LESTER, WARDEN, | ) ) | Judge Campbell |
| Respondent. | ) ) | |

**ORDER**

Before the Court is a petition for the writ of habeas corpus filed *pro se* by petitioner Timothy Jelks, a state prisoner currently incarcerated at the West Tennessee State Penitentiary in Henning, Tennessee. The $5.00 filing fee has been paid in full.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4. After undertaking this review, the Court finds that the petition must be dismissed because it is plainly barred by the statute of limitations.

On March 8, 2005, the petitioner entered into a "best interests" plea agreement with the State of Tennessee, pursuant to which he pleaded guilty to a charge of aggravated child neglect and was sentenced by the Sumner County Criminal Court to serve fifteen years at 100%. (Memo. in Supp. of Habeas Petition, ECF No. 2, at 6.) He did not pursue a direct appeal of his conviction or sentence so, under state law, his conviction became final thirty days later, upon the expiration of the time during which he could have filed a direct appeal to the Tennessee Court of Criminal Appeals. Tenn. R. App. P. 4(a). *See also State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding that a "judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence"). The statute of limitations for filing a § 2254 habeas petition therefore began to run on Friday, April 8, 2005.

Jelks did not file a petition for post-conviction relief in the state court until nearly seven years later, on April 2, 2012. The state trial court summarily denied his petition as barred by Tennessee's strict one-year statute of limitations pertaining to post-conviction petitions and not saved by any statutory exception. (ECF No. 2, at 23–24 (state court order denying post-conviction petition (citing Tenn. Code Ann. §§ 40-30-102, 40-30-117)).) The petitioner filed a notice of appeal, and counsel was appointed for purposes of assisting with the pursuit of his appeal.

The Tennessee Court of Criminal Appeals affirmed the trial court's judgment. *Jelks v. State*, No. M2012-00984-CCA-R3-PC, 2013 WL 3958442 (Tenn. Ct. Crim. App. July 30, 2013), *perm. to appeal denied* (Tenn. Dec. 12, 2013).[1] In its opinion, the court acknowledged the petitioner's argument that an exception to Tennessee's one-year statute of limitations for filing a post-conviction petition applied to his case, because his petition was filed within one year of the United States Supreme Court's issuance of a ruling that "establish[ed] a constitutional right that was not recognized as existing at the time of trial." *Id.* at *2 (quoting Tenn. Code Ann. § 40-30-102(b)(1)). The court determined, however, that it did not need to reach a decision on whether the exception applied. Instead, the court considered the merits of the petitioner's ineffective-assistance-of-counsel claim and held that the law and the facts of the petitioner's case failed to support his claim. The court affirmed the trial court's denial of the post-conviction petition on that basis, irrespective of the statute of limitations.

Jelks's petition in this court was filed on February 28, 2014, nearly nine years after his state-court conviction became final. Jelks argues that his petition is timely under state law because his state-court petition for post-conviction relief was filed within one year after a new right to effective counsel at the plea bargaining stage of criminal proceedings was recognized in *Missouri v. Frye*, --- U.S. ----, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, --- U.S. ----, 132 S. Ct. 1376 (2012), and that the right should apply retroactively under the test established by the Supreme Court in *Teague v. Lane*, 488 U.S. 288 (1989). (ECF No. 2, at 12 (relying on Tenn. Code Ann. § 40-30-102(b)(1)).)

Jelks's § 2254 petition is governed by the statute of limitations in 28 U.S.C. § 2244(d)(1), which states:

---

[1] The decisions of the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court are attached as exhibits to the petitioner's memorandum in support of his habeas petition. (ECF No. 2, at 31 and 39.)

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). This one-year limitations period, regardless of the applicable triggering event, is tolled for "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." *Id.* § 2244(d)(2). However, the tolling provision does not "revive" the limitations period (*i.e.*, restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

The petitioner acknowledges that his claims are foreclosed if the limitations period is deemed to run from the date his conviction became final, but he insists that his claim of ineffective assistance of counsel at the plea-bargaining stage is timely, because *Frye* and *Cooper* created a newly recognized constitutional right that should apply retroactively.

The petitioner's argument, however, has been foreclosed by the Sixth Circuit Court of Appeals, which has held that *Frye* and *Cooper* do not apply retroactively. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013) (per curiam) ("[A]s held by every other circuit to consider the issue, neither *Frye* nor *Cooper* created a 'new rule of constitutional law' made retroactive to cases on collateral review by the Supreme Court." (citing *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013) (per curiam); *Gallagher v. United States*, 711 F.3d 315, 315–16 (2d Cir. 2013) (per curiam); *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (per curiam); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*,

697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam); *Hare v. United States*, 688 F.3d 878, 879, 881 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 933–34 (11th Cir. 2012) (per curiam)).

Accordingly, it is clear that the statute of limitations established by 28 U.S.C. § 2244(d)(1)(A) applies and that the limitations period in this case expired in 2006, well before the petitioner filed his state post-conviction petition or his petition in this court. The state post-conviction petition was not properly filed and did not toll the limitations period, because the statute of limitations had already expired before the state post-conviction petition was filed. Because it is clear from the face of the petition and clearly established law that the petition is barred by the statute of limitations, the petition is hereby **DISMISSED**.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant a grant of a certificate of appealability, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the Sixth Circuit's clear conclusion that *Frye* and *Cooper* do not apply retroactively, no reasonable jurist would find this Court's holding that the petitioner's claims are time-barred to be debatable or wrong. Accordingly, the Court **DENIES** a certificate of appealability as to each claim asserted in the petition.

It is so **ORDERED**.

This is a final order for purposes of Fed. R. Civ. P. 58.

_____
Todd Campbell
United States District Judge